**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL JOHN PISKANIN, JR.,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 1:12-0909** |
| v. | : | **(CONNER, D.J.)** |
| | : | **(MANNION, M.J.)** |
| **FEDERAL BUREAU OF INVESTIGATION AND DIRECTOR OF U.S. DEPARTMENT OF JUSTICE AND ATTORNEY GENERAL, ERIC HOLDER,** | : | |
| **Defendants** | : | |

### REPORT AND RECOMMENDATION

On May 16, 2012, the plaintiff, an inmate at the State Correctional Institution, Cresson, Pennsylvania, filed the instant action pursuant to 42 U.S.C. §1983. (Doc. No. 1). On the same day, plaintiff filed a petition and motion for preliminary emergency relief. (Doc. No. 2). On May 22, 2012, plaintiff filed a motion to proceed *in forma pauperis*, (Doc. No. 7), and authorization form, (Doc. No. 8).

In his filings, plaintiff alleges that he has been unjustly and illegally subjected to mistreatment, assaults, covert and overt attempts to murder and injure him, false arrest, and false imprisonment for more than eight years under cruel and unusual conditions. Plaintiff further alleges that he is a former federal law enforcement operative. (Doc. No. 1). In plaintiff's petition and motion for preliminary emergency relief, he alleges that attempts have been made to covertly and/or overtly murder him while in the custody of the Pennsylvania

1

Department of Corrections. Plaintiff requests declaratory and injunctive relief as well as monetary damages. (Doc. No. 1).

Under the three strikes rule, 28 U.S.C. §1915(g), a prisoner who, on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was denied as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). To satisfy the imminent danger element, the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). Allegations that the prisoner has faced imminent danger in the past are not sufficient to trigger the exception to section 1915(g). Id. In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962 (3d Cir. 1998). The Court of Appeals for the Third Circuit has instructed that "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. Abdul-Akbar, 239 F.3d at 315. Congress' purpose in using the word "imminent," was to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. Id. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint *in forma pauperis* if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee. Id.

2

Plaintiff has filed three or more actions in federal court which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Specifically, in Piskanin v. Banach, et al., 2008 W.L. 5246165 (E.D. Pa. 2008), plaintiff's amended complaint was dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(iii). Plaintiff then appealed this ruling to the United States Court of Appeals for the Third Circuit. Piskanin v. Hamer, 269 Fed. Appx. 159 (3d Cir. 2008). The Third Circuit affirmed the district court's ruling and dismissed the appeal as frivolous. Id. at 162. Plaintiff then filed another action alleging that he was "former operative" for the Federal Bureau of Investigation and that he was entitled to FBI "protection" from numerous public officials who allegedly have engaged in retaliatory acts, including his criminal prosecution. Piskanin v. John Doe, 2009 W.L. 1684651 (E.D. Pa. 2009). The district court dismissed this action as frivolous. Id. On appeal, the Third Circuit affirmed the district court opinion that the action should be dismissed as frivolous. Piskanin v. John Doe, 349 Fed. Appx. 689 (3d Cir. 2009). Plaintiff then filed a third complaint, which the District Court for the Western District of Pennsylvania dismissed pursuant to the three strikes rule, or 28 U.S.C. §1915(g). Piskanin v. PA Department of Corrections, et al., 2010 W.L. 3834845 (W.D. Pa. 2010). Finally, plaintiff filed a fourth complaint, which was dismissed by the District Court for the Middle District of Pennsylvania for failure to state a claim upon which relief could be granted. Piskanin v. Commonwealth of Pennsylvania, et al., 2010 W.L.

4362458 (M.D. Pa. 2010).

Based on the foregoing, plaintiff's motion to proceed *in forma pauperis* in this action should be denied pursuant to the "three strikes rule" because it can be shown that he has filed three or more actions or appeals in federal court that were dismissed as being frivolous, malicious, or for failure to state a claim upon which relief can be granted. Furthermore, plaintiff has failed to allege any facts that show he was in imminent danger at the time the complaint was filed. Although he alleges that he is in danger as a former federal law enforcement operative, these allegations have previously been proven false. Piskanin v. Banach, et al., 2008 W.L. 5246165 (E.D. Pa. 2008).

In light of the foregoing, **IT IS HEREBY RECOMMENDED THAT**

**(1)** the plaintiff's motion to proceed *in forma pauperis* **(Doc. No. 3)**, be **DENIED**; and

**(2)** the plaintiff's complaint **(Doc. No. 1)** be **DISMISSED**.[1]

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** August 8, 2012

O:\shared\REPORTS\2012 Reports\12-0909-01.wpd

---

[1] By separate report dated this same day, it is being recommended that another action filed by the plaintiff, Piskanin v. Commonwealth of PA, Civil Action No. 1:12-1075, also be dismissed pursuant to the three strikes rule.

4